## W. C. Swigart, Appellant, v. Harry J. Stoops et al., Appellees.

### Gen. No. 22,513.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded with directions. Opinion filed February 19, 1917.

### Statement of the Case.

Suit by W. C. Swigart, complainant, against Harry J. Stoops, Frank McKey, trustee in bankruptcy of the estate of Harry J. Stoops, bankrupt, C. C. Mitchell and Bates Machine Company, a corporation, defendants, to foreclose upon two certificates of stock, of the par value of $5,000 each, in the defendant Bates Machine Company, held by the complainant as security for the payment of certain notes given by the bankrupt, to which the defendant C. C. Mitchell filed a cross-bill claiming ownership of the certificates of stock. From a decree in favor of the cross-complainant, complainant appeals.

These certificates of stock were originally issued to the defendant C. C. Mitchell, who indorsed them in blank and delivered them to the defendant Harry J. Stoops, who gave Mitchell a trust receipt agreeing to return the certificates on or before a certain date. Stoops then delivered the certificates to complainant as collateral security for Stoops' notes for an amount then due from him to complainant on other notes which were secured by a mortgage on certain lands, which mortgage complainant thereupon released. Stoops was thereafter adjudicated a bankrupt. He permitted a decree *pro confesso* to be entered against him in this suit.

HARRY A. BIOSSAT, for appellant.

HENRY R. BALDWIN, for appellees.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

CORPORATIONS, § 152*—*when pledgee may foreclose security as against true owner.* Where a party in good faith in the usual course of business for value took certain certificates of stock indorsed in blank as collateral security for certain notes evidencing a debt then due him from the party delivering to him such certificates, *held* that such party so taking such certificates would be entitled to maintain a bill to foreclose such security as against the true owner of the certificates who had indorsed and delivered them in trust to the party who had so pledged them, notwithstanding the latter's conduct was grossly fraudulent as to the true owner.

---

City of Chicago, Defendant in Error, v. Frank Noonan, Plaintiff in Error.

Gen. No. 22,519. (Not to be reported in full.)

City of Chicago, Defendant in Error, v. Charles Delmar, Plaintiff in Error.

Gen. No. 22,520. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed February 19, 1917.

## Statement of the Case.

Complaints by the City of Chicago, plaintiff, against Frank Noonan, defendant, and by the City of Chi-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.